IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

R. DOUGLAS HULSE, individually,

    PLAINTIFF,

vs.

AUCTA PHARMACEUTICALS, INC., a
Delaware Corporation, formerly known as
AUCTA PHARMACEUTICALS, LLC,
a New Jersey limited liability company,

    DEFENDANT.
_____/

**COMPLAINT**

Plaintiff R. Douglas Hulse files this complaint against defendant Aucta Pharmaceuticals, Inc. f/k/a Aucta Pharmaceuticals, LLC ("Aucta") and alleges as follows:

**I. OVERVIEW**

1. Hulse and his former company The Sage Group, Inc. ("Sage") entered into a consulting agreement with Aucta dated January 8, 2015 (the "2015 Consulting Agreement"). Pursuant to the Consulting Agreement, Hulse helped Aucta land a lucrative contract with Upsher-Smith Laboratories, Inc. ("Upsher") in 2016 for the licensure and sale of Aucta's medical products (the "Upsher-Smith Transaction"). On information and belief, as of the date of this Complaint, Aucta has received over $28 million in revenue as a result of the Upsher-Smith Transaction.

2. Under the terms of the 2015 Consulting Agreement, Aucta was obligated to pay Sage a "success fee" of 5% of all consideration received by Aucta as a result of the Upsher-Smith Transaction, subject to an overall 25% discount (the "Upsher-Smith Success Fee"). The Upsher-Smith Success Fee totals approximately $5 million to be paid by Aucta over several years. Aucta

has already paid Sage and Hulse $1,082,992.81 in fees related to the ongoing Upsher-Smith Transaction to date, owes Hulse approximately $270,000 as of the date of this Complaint, and will owe Hulse approximately $4 million more by the end of the agreement if it is not renewed.

3. Recently, Aucta advised Hulse it no longer believes the Upsher-Smith Transaction qualified for a success fee under the Consulting Agreement, notwithstanding Aucta's reliance upon Hulse for negotiation of the Upsher-Smith Transaction, Aucta's conduct confirming the parties understanding the transaction was covered under the Consulting Agreement, and the receipt by Aucta from Upsher-Smith of at least $28 million to date in revenue. In fact, Aucta now demands that Hulse return the entire $1,082,992.81 in fees it paid Hulse over the past five years and Aucta has notified Hulse of its plan to breach the 2015 Consulting Agreement by not paying any additional amounts due under the 2015 Consulting Agreement.

4. Aucta's 180-degree reversal is contrary to the plain language of the 2015 Consulting Agreement, the parties' five-year course of dealing, and New Jersey's voluntary payment doctrine.

5. Accordingly, Hulse files this lawsuit seeking a declaration of his rights under the 2015 Consulting Agreement and recovery of damages for Aucta's breach of the 2015 Consulting Agreement.

## II.   PARTIES

6. Hulse is an individual over the age 18 who has resided in Palm Beach, Florida at all relevant times.

7. Aucta is a Delaware corporation with its principal place of business in Piscataway, New Jersey. On or about June 14, 2017, Aucta Pharmaceuticals, LLC converted from a New Jersey limited liability company to Aucta Pharmaceuticals, Inc., a Delaware corporation.

### III.   JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

9. Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Specifically, Hulse, a resident of this judicial district, performed the majority of the services for which he has earned a fee pursuant to the 2015 Consulting Agreement in this judicial district.

### IV.   FACTS

10. On January 8, 2015, Aucta entered into the 2015 Consulting Agreement with Sage. *See* Exhibit 1, Consulting Agreement.[1]

11. Hulse was the Executive Director of Sage and signed the 2015 Consulting Agreement on its behalf. *Id.*

12. The 2015 Consulting Agreement stated:



Ex. 1, ¶ I(A).

13. Specific objectives of the 2015 Consulting Agreement included, but were not limited to,

---

[1] The terms of the 2015 Consulting Agreement are confidential pursuant to a separate Non-Disclosure Agreement entered into between Sage and Aucta (the "NDA"). Hulse is filing a simultaneous motion for leave to file the 2015 Consulting Agreement (Exhibit 1 to this Complaint) under seal, along with an unredacted copy of this Complaint under seal, so as to not violate the terms of the NDA.

██████████████████████████████████████████████████████████████████████

*Id.*, ¶ I(A)(2).

      14.    As compensation for Sage's services under the 2015 Consulting Agreement, Aucta agreed to pay Sage ████████████████████████████████████████

████████████████████████████████████████████████ *Id.*, ¶ II(B).

      15.    The 2015 Consulting Agreement defined "Consideration" as:

██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████

*Id.*

      16.    ████████████████████████████████████████████

      17.    In or about February 2016, Upsher-Smith and Aucta entered into a Product Development and Exclusive License Agreement (the "Upsher-Smith Agreement").

      18.    The 2015 Consulting Agreement remained in effect at the time the Upsher-Smith Agreement was executed. *See* Ex. 1, ¶ VIII (████████████████████████

██████████████████████████████████████████████████████████████████████

████████████).

      19.    Hulse does not have a copy of the final, executed version of the Upsher-Smith Agreement but he understands Aucta has a copy. In addition, Hulse believes the final, executed version contained a confidentiality provision that would limit or restrict his ability to file it with the Court. Hulse intends to request a copy of the executed Upsher-Smith Agreement in discovery.

      20.    Pursuant to the Upsher-Smith Agreement, Aucta agreed to license, manufacture, and sell one of its medical products to Upsher-Smith and Upsher-Smith agreed to purchase its

entire requirements for the product in a particular territory during the term of the Upsher-Smith Agreement (the "Upsher-Smith Transaction").

21.     Hulse and Sage assisted Aucta in the pursuit, negotiation, and execution of the Upsher-Smith Agreement; therefore ███████████████████████████████████████ ███████████████████████████████ *See* Ex. 1, ¶¶ I(A)(2); II(B).

22.     ████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████ *Id.*, ¶ II(B); Appendix A.

23. If Aucta did not intend ████████████████████████████████ ████████████████████████████████████████████████████.

24.     Aucta paid the Success Fees as they accrued for more than five years, in the total amount of $1,082,992.81 as of the date of this Complaint.

25.     Hulse left his position with Sage in November of 2019.

26.     Effective as of November 8, 2019, Sage transferred and assigned all of Sage's rights, title, and interest in and to any and all proceeds, monies or other consideration payable to Sage under the 2015 Consulting Agreement, including the Upsher-Smith Success Fee, to Hulse.

27.     Aucta initially paid the Upsher-Smith Success Fee to Sage.

28.     At Sage's request Hulse asked Aucta to start making the payments directly to Hulse because Sage was transferring the payments Sage received directly to Hulse due to the arrangements between the principals of Sage.  In connection with Hulse's departure from Sage, Sage agreed in writing that Hulse was entitled to receive all payments from Aucta directly. Aucta subsequently made those payments to Hulse after his departure from Sage, until June 15, 2021.

29. Inexplicably, after paying Sage and Hulse the Upsher-Smith Success Fee for more than five years, Aucta recently reversed course.

30. On August 20, 2021, Aucta, through counsel, sent a letter to Hulse advising that it would no longer pay any Success Fees to Hulse because: (i) Aucta allegedly had no record from Sage of an assignment of its rights under the 2015 Consulting Agreement to Hulse; and (ii) Aucta did not owe Success Fees to Sage or Hulse because ▮▮▮▮▮▮▮▮▮▮ under the 2015 Consulting Agreement. *See* Exhibit 2, August 20, 2021 Letter.[2] Furthermore, Aucta now demands that it is entitled to the return of the entire $1,082,992.81 in Success Fees that it paid to Sage/Hulse. *Id.* Both arguments are meritless.

31. First, there is no legitimate dispute that Hulse is entitled to the Upsher-Smith Success Fee. Hulse has provided Aucta with a Confirmation of Assignment of Sage's rights under the 2015 Consulting Agreement to Hulse. *See* Exhibit 3, Confirmation of Assignment.

32. Second, Aucta's position that the Upsher-Smith Transaction is not ▮▮▮▮▮ under the 2015 Consulting Agreement is, based on information and belief, a bad faith attempt by Aucta and its counsel to reverse history and to unwind an ongoing contractual relationship after Aucta received the benefit of its bargain, with Aucta and its counsel relying on an illogical, contrived, and incorrect interpretation of the definition of ▮▮▮▮▮.

33. Specifically, Aucta now contends that the language from Section I(A) of the 2015 Consulting Agreement stating:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] The August 20, 2021 Letter quotes portions of the 2015 Consulting Agreement, and is therefore subject to the NDA. Hulse's motion for leave to file under seal will include an unredacted copy of the August 20, 2021 Letter, so as not to violate the terms of the NDA.

6

██████████

██████████

██████████ *See* Ex. 4, October 6, 2021 Letter[3] (█

██████████

██████████

██████████).

████ If Aucta and Sage—two sophisticated corporate parties—had intended to limit the definition of ██████████

██████████

██████████

██████████

██████████

██████████

██████████

██████████

████ Indeed, Aucta and Sage subsequently entered into another and separate Consulting Agreement effective December 18, 2016 ("2016 Consulting Agreement"), and in this agreement the parties expressly limited the definition of ██████████

██████████

---

[3] The October 4, 2021 Letter quotes portions of the 2015 Consulting Agreement, and is therefore subject to the NDA. Hulse's motion for leave to file under seal will include an unredacted copy of the October 4, 2021 Letter, so as not violate the terms of the NDA.

██████████████████████████████████████

*See* Exhibit 5, Consulting Agreement dated December 18, 2016.[4]

35. Moreover, Aucta's proffered interpretation completely ignores the next sentence in the 2015 Consulting Agreement, which states ████████████████████████████ ██████████████████████████████████████ ██████████████████████████████████ *See* Ex. 1, ¶ I(A)(2). The reference to ██████████████████████████████ in this provision is not limited in any regard.

36. Moreover, Upsher-Smith is identified among the ████████████ ██████████████████████████████████████ ██████████████████████████████████████ ████████████████████████████ When the Consulting Agreement was signed, Aucta enlisted Sage and Hulse's services to ████████████████ ██████████████████████████████████████ ██████████████████, as contemplated in the Consulting Agreement and Appendix A thereto.

37. Even if it is unclear or ambiguous whether Section I(A) of the Consulting Agreement applies to transactions ██████████████████████████ ██████████████████████ the conduct of the parties after execution of the Consulting Agreement is entitled to great weight in determining its meaning. *Wheatly v. Sook Suh*, 525 A.2d 340, 344 (N.J. App. Div. 1987) (citation omitted).

---

[4] The terms of the 2016 Consulting Agreement are subject to the NDA. Accordingly, Hulse is simultaneously seeking leave to file an unredacted copy of this Complaint and its exhibits under seal.

38. Aucta's five-year course of conduct in paying Success Fees on a quarterly basis on the Upsher-Smith Transaction and Sage's and Hulse's acceptance of the Success Fees clearly demonstrates the parties did not intend for Success Fees under the Consulting Agreement to be limited ███████████████████████████████.

39. Aucta's demand for the return of the portion of the Upsher-Smith Success Fee paid to date is also barred by New Jersey's voluntary payment doctrine because Aucta voluntarily paid Sage's and Hulse's invoices for Success Fees without mistake of fact (*i.e.*, it was fully aware of the Upsher-Smith Transaction and the terms of the Consulting Agreement), fraud, duress or extortion. *Palisades Ins. Co. v. Horizon Blue Cross Blue Shield of New Jersey*, No. A-2830-19, 2021 WL 3160144, at *5 (N.J. Super. Ct. App. Div. July 27, 2021) (quoting *Cont'l Trailways, Inc. v. Dir., Div. of Motor Vehicles*, 509 A.2d 769 (1986)); *see also Joan Frances Luciano Irrevocable Trust v. Waste Management, Inc.*, No. A-0409-16T3, 2018 WL 3863611, at *9 (N.J. Super. Ct. App. Div. Aug. 15, 2018); *see also In re Objection of Sun Life Assur. Co. of Canada*, No. A-1816-06T3, 2008 WL 110280, at *6 (N.J. Super. Ct. App. Div. Jan. 3, 2008).

40. Aucta currently owes Hulse approximately $270,000 as a result of its improper refusal to pay further Success Fess under the Consulting Agreement.[5] The amount payable under the Consulting Agreement continues to accrue as Aucta receives revenue from Upsher-Smith and as Aucta fails to make subsequent installment payments of the Upsher-Smith Success Fee.

---

[5] The exact amount currently due depends upon the amounts set forth in royalty reports Upsher-Smith provides to Aucta. Aucta has not provided Hulse with the most recent royalty report and therefore Hulse cannot state with precision the amount of the Success Fee past due as of the date of this Complaint.

## COUNT I - DECLARATORY JUDGMENT

41.     Hulse restates and incorporates by reference each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42.     The Consulting Agreement provides that it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. 1, ¶ IX.

43.     Hulse brings this claim for declaratory judgment pursuant to the New Jersey Uniform Declaratory Judgments Law. N.J.S. 2A:16-50, *et seq*.

44.     A controversy exists between the parties.

45.     Hulse contends he is entitled to Success Fees for the Upsher-Smith Transaction pursuant to Section I(A) of the Consulting Agreement.

46.     Aucta contends that Hulse is not entitled to Success Fees for the Upsher-Smith Transaction because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

47.     By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist among Hulse and Aucta pursuant to the Consulting Agreement.

WHEREFORE, Plaintiff R. Douglas Hulse respectfully requests that the Court enter judgment as follows:

  a) Declaring Aucta was obligated to pay $1,082,992.81 in Success Fees paid to Sage or Hulse to date and Aucta is obligated to pay additional Success Fees for the Upsher-Smith Transaction to Hulse accruing pursuant to Section I(A) of the Consulting Agreement, including approximately $270,000 of such additional Success Fees currently past due and all of such additional Success Fees accruing after the date hereof;

    b) Awarding Hulse the costs incurred herein;

    c) Awarding such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT

48. Hulse restates and incorporates by reference each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

49. Aucta and Sage entered into the Consulting Agreement on January 8, 2015. *See* Ex. 1.

50. Sage assigned its rights under the Consulting Agreement to Hulse. *See* Ex. 3.

51. Sage and Hulse performed their obligations under the Consulting Agreement.

52. Aucta breached its obligations under the Consulting Agreement by ceasing payment of Success Fees for the Upsher-Smith Transaction.

53. Hulse has been damaged as a result of the breach.

WHEREFORE, Plaintiff R. Douglas Hulse respectfully requests that this Court enter judgment in his favor on Count II for breach of contract and against defendant Aucta Pharmaceuticals, LLC in an amount to be proven at trial, interest, and costs, and for such other relief as this Court deems just and proper.

Dated: December 17, 2021

Respectfully submitted,

/s/ *Thomas J. Cunningham*
Thomas J. Cunningham
Florida Bar Number: 121997
tcunningham@lockelord.com
Dale A. Evans Jr.
Florida Bar Number: 98496
dale.evans@lockelord.com
Locke Lord LLP
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, Florida 33401
Telephone: (561) 833-7700
Fax: (561) 655-8719

*Counsel for plaintiff R. Douglas Hulse*

100572500